IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                                          CASE NO.: 4:04cr12-SPM

DWIGHT DAVID SANDERS,

       Defendant.
_____/

## ORDER ON APPEAL

Appellant Dwight David Sanders argues on appeal that the magistrate judge erred by ruling as a matter of law that victim-initiated contact can qualify for a three-level enhancement under section 2A2.4(b)(1) of the United States Sentencing Guidelines.  Appellant's characterization of the magistrate judge's ruling is incomplete and ignores the magistrate judge's finding that the officer's version of events was credible and that Appellant's was not.  Under the officer's version of events, Appellant attempted to escape and struggled with the officer to avoid being apprehended.  The magistrate judge did not err by applying the enhancement to Appellant.

### BACKGROUND

Appellant was charged with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with an officer of the United States Forest

Service, in violation of Title 18, United States Code, Section 111(a)(1).  He was convicted after a non-jury trial conducted by the magistrate judge.

Only the Appellant and the officer testified at trial.  At issue was an altercation between Appellant and an officer during a routine traffic stop on federal property in Wakulla County.  According to the officer, Appellant stepped out of his truck and appeared to place something under the seat.  The officer obtained consent from Appellant to search the truck.  Appellant had a dog in his truck, and he removed the dog so the officer could conduct the search.

Inside, the officer noticed a strong odor of alcohol and found an open container of beer.  The officer asked Appellant for his driver's license, registration, and proof of insurance, but Appellant produced only his driver's license.  The officer took Appellant's licence and told Appellant he would return shortly.  While the officer ran a check on Appellant's driver's license, Appellant fled on foot into the woods.  The officer chased Appellant.  When the officer tried to grab Appellant, Appellant struck back with his arms and elbows.  On the ground, Appellant pushed against the officer with his body and elbows.  Eventually, the officer was able to subdue Appellant and take him into custody.  According to the officer, at no time did the dog attack him.  After arresting Appellant, the officer called Appellant's cousin to pick up the dog and the truck.

According to Appellant, the officer ran a check of Appellant's license and it came back suspended.  Appellant remained by his truck.  The officer returned

CASE NO.: 4:04cr12-SPM

and asked Appellant for permission to search his truck. Appellant consented to the search and tried to persuade the officer to allow him to remove his dog. The officer refused. When the officer opened the truck door to conduct the search, the dog jumped out and attacked the officer. Appellant tried to take control of his dog, but the officer was swinging at Appellant and the dog with his baton and trying to get his gun out to shoot his dog. Appellant denied trying to strike the officer. Appellant stated that if the officer had let him control the dog first, none of this would have occurred.

Upon being asked by the magistrate judge how during the incident the officer was able to complete a search of the truck, Appellant explained that after the dog jumped out and attacked the officer, Appellant took the dog to the back of the truck. Appellant then welcomed the officer to search the truck. When the officer finished, the dog attacked the officer again and the altercation occurred.

The magistrate judge found Appellant guilty. The magistrate judge rejected Appellant's testimony and explained that Appellant's story did not make sense in two regards. First, if Appellant could exert control over his dog after the initial attack, he doubted the dog could attack the officer again after the search. Second, if the officer was attempting to hit the dog with his baton, the officer would not at the same time be overpowering Appellant. The magistrate judge stated, "I can't reconcile the two stories because either [the officer] is making it up or [Appellant] is making up. There can't be any mistake on [the officer's] part."

Doc. 34 at 53-54. The magistrate judge found, on the other hand, that Appellant's story did not make sense. The magistrate judge found appellant guilty and imposed a 10-month sentence in accordance with the United States Sentencing Guidelines, which at the time were mandatory.

On Appellant's first appeal, his sentence was vacated and remanded based on the United States Supreme Court's decision in United States v. Booker, 434 U.S. 220 (2005), which held that mandatory guideline sentencing violates the Sixth Amendment of the United States Constitution. Although Booker was decided after Appellant was sentenced, the decision applied retroactively to cases pending on direct appeal. Booker, 434 U.S. at 267. Appellant preserved the issue by arguing that a sentencing enhancement must be proved beyond a reasonable doubt" United States v. Munoz, 430 F.3d 1357, 1374 (11th Cir. 2005). Appellant also raised the issue in his initial brief. United States v. Levy, 416 F.3d 1273, 1279 (11th Cir. 2005) (construing liberally what it means to raise a Booker-type issue on appeal). His case was therefore remanded to the magistrate judge for advisory guideline resentencing.

An additional issue Appellant raised on appeal was the application of the section 2A2.4(b)(1) enhancement. Appellant unsuccessfully argued that the magistrate judge erred when he applied a three-level enhancement under section 2A2.4(b)(1) of the sentencing guidelines for conduct involving physical contact. This Court affirmed.

CASE NO.: 4:04cr12-SPM

The magistrate judge, after crediting the officer's version of events at trial, stated that "this could have been simply a chase through the woods without any physical contact. . . . But I think it became forcible assault at the time that there was physical contact." Doc. 34 at 9. The magistrate judge found that the facts of the case were similar to other cases where the sentencing enhancement was applied to prisoners who opposed or resisted arrest by engaging in physical struggle before being overpowered and restrained. See United States v. Collins, 937 F.2d 617(10th Cir. 1991) (unpublished opinion); United States v. Hill, 996 F.2d 1228 (9th Cir. 1993) (unpublished opinion).

This Court found that the magistrate judge's application of the enhancement for conduct involving physical contact was fully supported by the record. According to the officer's testimony, which the magistrate judge found credible, Appellant attempted to strike the officer and pushed his body and elbows against the officer as he struggled to avoid being subdued. The physical contact was not solely initiated by the officer; nor was it merely incidental. The record showed that while the officer grabbed Appellant in an attempt to subdue him, Appellant was forcibly struggling back.

On remand for resentencing under the advisory guidelines, Appellant conceded that the enhancement was not in dispute because it was affirmed on the first appeal. Appellant presented testimony from two law enforcement officers who spoke about assistance Appellant had rendered since the first

sentencing hearing. The magistrate judge calculated the guideline range at eight to twelve months, but sentenced Appellant below the range to a term of four months' imprisonment, followed by a term of one year of supervised release, payment of $52.00 in restitution, and a $25.00 special monetary assessment.

**DISCUSSION**

On appeal, Appellant argues as a pure question of law that the three-level enhancement cannot be applied to victim-initiated contact. According to Appellant, the argument he presented to the magistrate judge was a pure question of law, which the magistrate judge rejected. Appellant contends that the magistrate judge did not rely on any factual findings to apply the enhancement to his case. Appellant also contends that this Court made impermissible factual findings on the first appeal to support the enhancement.

The argument Appellant makes misconstrues the record. The magistrate judge did not rule on an abstract proposition that any victim-initiated contact would qualify for the enhancement. Appellant did not fairly present that issue to the magistrate judge. Furthermore, on his first appeal, rather than arguing a pure issue of law as Appellant now characterizes the matter, Appellant argued that the magistrate judge applied the wrong burden of proof for the enhancement and that the facts of the case did not support the enhancement. Doc. 38 at 11, 12.

The record in this case shows that at Appellant's first sentencing hearing when the section 2A2.4(b)(1) enhancement was addressed, defense counsel

CASE NO.: 4:04cr12-SPM

argued:

> . . . I filed a letter with Mr. Amos laying out my objections of that three-point enhancement based on the case of United States v. McKeiver, or McKeiver, found at 928 F.Supp. 842.  And I know Mr. Amos has responded to it, and of course I haven't heard anything from the government, but I disagree with Mr. Amos's interpretation of that case.
> I think in Mr. Sanders' case, the evidence was clear that the – that the incidental contact that occurred between Mr. Sanders and the officer that was on Mr. Sanders' part was as he was being pushed down into the sand and he was trying to struggle to get the officer off of the top of him as he was lying face down in the sand.  So I don't think that this enhancement is the type of enhancement that is contemplated by the sentencing guidelines in that section 2A2.4, I would propose.
> And also, I would like to say that since the time that I responded to the presentence report, the United States Supreme Court has decided Blakely, and I–and I think that in order for the three-level increase to be used in this case against Mr, Sanders, there had to be a specific finding beyond a reasonable doubt that this was exactly the type of physical contact between Mr, Sanders and Officer Hyrons that the–that the guidelines was contemplating.  That's basically the sum of my argument.

Doc. 34 at 3-4.  In response to this argument, the magistrate judge ruled:

> Okay, well I've taken the Blakey issue first, and I think that's the most troubling part of this.  The information charges that Mr. Sanders knowingly and willfully did forcibly assault, resist, oppose, impede, intimidate, and interfere.  And the allegation of forcible assault, in my mind, and as a matter of law, must involve physical contact.  I think that's just–that–and so I rule.
> So I believe the information properly charged the element that is intended by guidelines 2A2.4(d)(1), and that says, if the conduct–if the conduct involved physical contact.  That's all it says, just physical contact.
> And I think what's happening here is that this is an obstruction or impediment to an officer.  It starts at a base level of 6.  And since this could have been simply a chase through the woods without any physical contact, it would have stayed as a level

> 6. That would be interference or intimidation–not intimidation, but an opposing or resisting of the arrest. But I think it became a forcible assault at the time there was physical contact. And so I don't think there's a Blakey problem. And so I rule.
>
> In addition to the cases that the parties have cited, I found some unreported cases, and I think that the objection must be overruled based on–from these. One is United States v. Collins. It's 937 F.2d 617. Like the Fourth Circuit case it's an unpublished opinion, so it's not really precedent, but it is persuasive authority for reasoning in any event.
>
> This is a case where the prisoner who was in handcuffs and leg irons leaped from his seat to try to run away and was caught from behind and restrained after a struggle. And the court decided that that was sufficient contact to warrant the three-point increase. The court said, his conduct in doing that act–that's attempting to escape–most surely involved physical contact. And that's this case.
>
> Also, United States v. Hill, which is 996 F.2d 1228. It's a Ninth Circuit case. A similar case with a prisoner in the struggle, and during the struggle the defendant initially offered little resistance, but when somebody else came, he began to resist with greater force, and the court held that that was sufficient for the three-point assessment.
>
> So I overrule that objection and find that the offense level is correctly presented in the pretrial–the presentence report at 9.

Doc. 34 at 8-9.

In his arguments to the magistrate judge, Appellant did not state that his case involved only victim-initiated contact and that therefore the enhancement could not be applied to him as a matter of law. To the contrary, Appellant acknowledged that there was some contact on his part. "I think in Mr. Sanders' case, the evidence was clear that the – that the incidental contact that occurred between Mr. Sanders and the officer that was on Mr. Sanders' part was as he was being pushed down into the sand and he was trying to struggle to get the

officer off of the top of him as he was lying face down in the sand." Doc. 34 at 3-4. Appellant argued that the contact was incidental and not sufficient to warrant enhancement under the guidelines.

The McKeiver case that Appellant cited involved a defendant who pointed his finger in a Customs Inspector's face. United States v. McKeiver, 982 F.Supp. 848 (M.D. Fla. 1997). The Customs Inspector slapped the defendant's finger away from his face, and it was this physical contact that was at issue. Id. at 849. The court in McKeiver ruled that the physical contact did not warrant an enhancement because it was victim-initiated. Id.

Factually, this case is nothing like McKeiver. In responding to Appellant's argument, the magistrate judge found it appropriate to rely on other cases where physical conduct occurred when a defendant struggled during the course of an escape. Citing the Collins case, the magistrate judge stated "[t]he court said, his conduct in doing that act–that's attempting to escape–most surely involved physical contact. And that's this case." Doc. 34 at 8-9 (emphasis supplied). Contrary to Appellant's argument, the magistrate judge did not rule on an abstract proposition that victim-initiated contact could qualify for the enhancement. Instead, the magistrate judge recalled the facts from trial and found that the attempted escape in this case was analogous to other cases where the enhancement was appropriate.

To the extent the magistrate judge did not expressly reiterate his factual

findings from the bench trial, his findings are nevertheless apparent from the record and justify application of the enhancement.  See United States v. Amedeo, 370 F.3d 1305,1319 n.12 (11th Cir. 2004) (enhancement may be affirmed on any ground supported by the record).  In reviewing the appropriateness of the enhancement, the magistrate judge's findings of fact control in the absence of clear error.  United States v. Jennings, 991 F.2d 725, 732 (11th Cir. 1993).  Review of the application of the guidelines to the facts is de novo.  Id.

       This Court conducted a thorough review of the enhancement on the first appeal.  The contact in this case is distinguishable from McKeiver because it was not solely victim-initiated; nor was it merely incidental.  According to the officer's testimony, which the magistrate judge found credible, Appellant attempted to strike the officer and pushed his body and elbows against the officer as he struggled to avoid being subdued.  The record shows that while the officer grabbed Appellant in an attempt to subdue him, Appellant was forcibly struggling back.  The Court agrees that the enhancement is appropriate based on similar cases cited by the magistrate judge where the sentencing enhancement was applied to prisoners who opposed or resisted arrest by engaging in physical struggle before being overpowered and restrained.  See United States v. Collins, 1991 WL 125158, 937 F.2d 617(10th Cir. Jul. 9, 1991) (unpublished opinion); United States v. Hill, 1993 WL 230163, 996 F.2d 1228 (9th Cir. 1993)

(unpublished opinion).

      Having conducted this review again, the Court finds no error in the magistrate judge's application of the enhancement.  Accordingly, the sentence on appeal is affirmed.  Appellant shall surrender to the United States Marshal or to the facility designated by the Bureau of Prisons by Noon on April 14, 2008, for service of his sentence.

      SO ORDERED this 12th day of March, 2008.

                                    *s/ Stephan P. Mickle*
                                Stephan P. Mickle
                                United States District Judge